[Rosenau v. Legg.]

# Rosenau *v.* Legg.

*Motion for Judgment on Award.*

1. *Examination of witnesses before arbitrators; right of parties to be present.*—Under a statutory submission to arbitration (Code, §§ 3536-47), the parties are entitled to notice, and to be present at the examination of the witnesses; and the examination of witnes es by the arbitrators after the parties have withdrawn, or the re-examination of witnesses who had been examined in their presence, is good cause against entering up the award as the judgment of the court.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. HENRY C. SPEAKE.

HUMES & WALKER, and W. R. FRANCIS, for appellant.

McCLELLAN & McCLELLAN, *contra.*

STONE, C. J.—Two suits were instituted in Limestone Circuit Court, by Andrew C. Legg; one against Isaac Rosenau, surviving partner, and the other against the excutrix of his deceased co-partner. There was also a cross-suit by Isaac Rosenau, as surviving partner, against Legg. These several suits probably related to mutual accounts and dealings between Legg and the firm of S. Rosenau & Bro. By written agreement, these three several suits, and the matters of contention involved in them, were submitted to three named arbitrators, their award to be made the judgment of the court. The agreement of reference, and the order of court thereon, are in substantial compliance with the statute.—Code of 1876, § 3536.

Motion was made be Rosenau to have the award made the judgment of the court. This was resisted by Legg, on several grounds. The court refused to enter the award as the judgment of the court, and an exception was reserved to its ruling.

A day had been set for the hearing before the arbitrators, and the parties had notice, and attended,—furnishing their evidence, and having their witnesses examined. In opposition to making the award the judgment of the court, it was shown that, after the witnesses were examined, the parties were asked to retire, which they did. In their absence, and without their consent, the arbitrators called two witness-

VOL. LXXXII.

es before them, and examined them. One of these witnesses had been previously before the arbitrators when the parties were present; and the testimony was in conflict as to the other, whether he had previously given testimony in the cause. We think, however, that this is a matter of no importance, The parties are entitled to notice, and to be present when testimony is produced; and this right entends entirely through the investigation. It is only in their deliberations, and in making up their award, that parties can be excluded from the presence of the arbitrators.—Code, § 3539.

Award, in such a case as this, is a substitute for verdict of a jury. If, after a jury had retired to consider of their finding, witnesses were called before them, and examined, no court would hesitate to set their verdict aside.—Freeman on Judgments, § 118; *Windsor v. McVeigh*, 93 U. S. 274, 277.

The Circuit Court did not err in refusing to make the award the judgment of the court.

Affirmed.